**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EMBEDDETECH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-00550-SH |
| | ) | |
| VIRTUAL EMPLOYEE PRIVATE | ) | |
| LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>OPINION AND ORDER</u>**

Before the Court is Defendant's motion to dismiss for improper venue and failure to state a claim.[1]  As to venue, the parties agree that their contractual forum-selection clause applies, but they disagree as to its meaning.  Under binding Tenth Circuit precedent, the clause requires this suit be brought in state court.  The Court, therefore, dismisses without prejudice.

**Background**

Plaintiff Embeddetech, Inc. ("Embeddetech") has sued Defendant Virtual Employee Private Limited ("Virtual"), asserting various claims related to the parties' contract.  (Dkt. No. 2.)  Relevant here, the contract includes a section providing:

> Any action arising under this Agreement or out of or relating to the subject matter of this Agreement shall be brought in the State of Oklahoma and the County of Tulsa County, USA and the parties hereto hereby submit to the personal jurisdiction of such courts with respect to all such proceedings.[2]

---

[1] The parties have consented to the jurisdiction of a U.S. Magistrate Judge for all purposes under 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(a).  (Dkt. No. 12.)

[2] No party has included a copy of the agreement in their briefing, so the Court relies on the quotation contained in Embeddetech's response, which is more complete.  The relevant language is also quoted in Virtual's motion.  (*See* Dkt No. 8 at 1 (noting the parties agreed that any litigation "shall be brought in the State of Oklahoma and the county of Tulsa County, USA").)

(Dkt. No. 16 at 2.[3]) Virtual moves to dismiss, arguing that venue is improper in this Court under the forum-selection clause. (Dkt. No. 8 at 1–3.) Alternatively, Virtual argues Embeddetech has failed to state a claim upon which relief can be granted. (*Id.* at 3–5.)

## Analysis

### I.    Standard of Review

Virtual styles this as a motion to dismiss for "improper" venue under Fed. R. Civ. P. 12(b)(3). (*Id.* at 1.) Improper venue refers to whether the case satisfies the requirements of federal venue laws. *Atl. Marine Const. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 55 (2013). A "forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of . . . Rule 12(b)(3) . . . ." *Id.* at 59. "Instead, the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Id.* at 60. Such enforcement may result in dismissal without prejudice. *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 668 (10th Cir. 2020).

So, the first question before the Court is whether the parties' forum-selection clause contemplates a state forum.

### II.    The Forum-Selection Clause Mandates a State Forum

The parties appear to agree on many things. No one disputes that the forum-selection clause is mandatory. Virtual argues that it is, and Embeddetech does not dispute this. (*See* Dkt. No. 8 at 1; Dkt. No. 16 at 2–5.) *See also Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992) ("use of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made"). No one disputes that the

---

[3] Page numbers refer to those in the court-provided header.

forum-selection clause applies to the current dispute; instead, both parties cite it and rely on its language for their arguments. (*See* Dkt. No. 8 at 1; Dkt. No. 16 at 2.) And both parties agree that the Court should apply Tenth Circuit cases when interpreting the effect of the language used in their forum-selection clause.[4] (*See* Dkt. No. 8 at 2; Dkt. No. 16 at 2–3.) The parties simply disagree about what outcome those cases dictate.

### A.    Tenth Circuit Precedent

Below is a brief summary of the precedent this Court has to draw from:

*1992—Milk 'N' More*. In *Milk 'N' More*, the Tenth Circuit held that the following clause was mandatory and required a state court venue: "venue shall be proper under this agreement in Johnson County, Kansas." 963 F.2d at 1344, 1346. The court reasoned that the wording of this clause "strongly points to the state court of that county." *Id*. at 1346.

*1997—Excell*. In *Excell*, the Tenth Circuit held that the following clause was mandatory and required a state court venue: "Jurisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado." *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 320–21 (10th Cir. 1997). The court reasoned that, for "federal court purposes, venue is not stated in terms of 'counties,'" but rather "in terms of 'judicial districts.'" *Id*. at 321. "Because the language of the clause refers only to a specific

---

[4] The reading of a forum-selection clause "is basically one of contract interpretation . . . ." *Milk 'N' More*, 963 F.2d at 1345. It does not appear the Tenth Circuit has decided whether courts should apply state law (as they normally do when interpreting a contract) in determining the effect of language in a forum-selection clause. *See, e.g., Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 320 (10th Cir. 1997) (finding it unnecessary to decide this issue where "there are no material discrepancies" between the applicable state and federal law). This Court need not decide the issue either. *See Triple "S" Operating Co., LLC v. EZpawn Okla., Inc.*, No. 10-CV-0328-CVE-FHM, 2010 WL 2690376, at *2 (N.D. Okla. June 30, 2010) ("Oklahoma and federal law regarding forum selection clauses are substantially similar").

county and not to a specific judicial district, we conclude venue is intended to lie only in state district court." *Id.*

2005—*American Soda*.    In *American Soda*, the Tenth Circuit held that the following clause was mandatory and required a state court venue:  the parties "submit to the jurisdiction of the Courts of the State of Colorado and agree that the Courts of the State of Colorado/Arbitrator shall be the exclusive forum for the resolution of any disputes . . . ." *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 924 (10th Cir. 2005).    The court reasoned that "the contract language at issue refers to sovereignty rather than geography" and found that "the federal court located in Colorado is not a court *of* the *State* of Colorado but rather a court *of* the *United States of America*." *Id.* at 926.

Under the precedent set forth in *Milk 'N' More* and *Excell*, the Court's job here would be easy.  The clause in this case uses language substantially similar to that found in those cases, both of which required state court venue.  Embeddetech, however, argues that *American Soda* changes this analysis.  Particularly, Embeddetech asserts that, after *American Soda*, a court should look to whether a venue clause "merely uses the geographical term 'in,'" or whether it uses the sovereignty term "of." (Dkt. No. 16 at 3.)

But *American Soda's* only ruling was that "of" is a term of sovereignty.  *Am. Soda*, 428 F.3d at 926.  The panel did not make a direct statement regarding whether "in" is a term of geography, nor did it state an intent to contradict, clarify, or overrule the holdings in *Milk 'N' More* or *Excell*.  Instead, *American Soda* cited those cases as precedent on other issues.  *See id.* at 924, 926.  Embeddetech, therefore, must be relying on the "*cf.*"

citation contained in a footnote to the *American Soda* decision.[5] *Id.* at 926 n.2. This footnote directly followed the panel's holding that "of" is a word of sovereignty and compared the panel's finding to that in *Basicomputer Corp. v. Scott*, 973 F.2d 507 (6th Cir. 1992). In the accompanying parenthetical, the panel noted that, by comparison, *Basicomputer* held "that a forum selection clause requiring disputes to be brought 'in courts in the State of Ohio' did not exclude the federal district court for the Northern District of Ohio, which the court noted was unquestionably *in* Ohio." *Id.* (quoting *Basicomputer*, 973 F.2d at 510).

Use of this *cf.* citation was dictum and does not represent the holding of the panel in *American Soda*. Dicta are "statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand." *Thompson v. Weyerhaeuser Co.*, 582 F.3d 1125, 1129 (10th Cir. 2009) (citation modified). In contrast, a "holding consists of those propositions along the chosen decisional path or paths of reasoning that (1) are actually decided, (2) are based upon the facts of the case, and (3) lead to the judgment." Michael Abramowicz & Maxwell Stearns, *Defining Dicta*, 57 Stan. L. Rev. 953, 1065 (2005), *quoted with approval in Thompson*, 582 F.3d at 1129. The effect of an "in" clause was not actually decided in *American Soda*. The undersigned might have been persuaded by the dicta in *American*

---

[5] In 2005, as now, a *cf.* citation normally applies where "[c]ited authority supports a proposition different from the main proposition but sufficiently analogous to lend support." The Bluebook: A Uniform System of Citation R. 1.2(a), at 47 (Columbia L. Rev. Ass'n et al. eds., 18th ed. 2005).

*Soda* were it the only case before the Court. But it is not, and the Court must follow binding Tenth Circuit precedent.[6]

### B. Application to the Clause at Issue

Applying the holdings of these three Tenth Circuit cases, the Court finds that a forum-selection clause requiring suits be "brought in the State of Oklahoma and the County of Tulsa County" provides for an exclusive venue in state court. The Court rejects Embeddetech's argument that this clause is rendered ambiguous by further language indicating that the parties consented to the personal jurisdiction of such "courts." (Dkt. No. 16 at 3.) This language is more easily read as consenting, in general, to the courts of the State of Oklahoma—from the District Court of Tulsa County, through the Court of Civil Appeals, and ultimately the Oklahoma Supreme Court. In any event, the Court does not read it as changing the established meaning of the immediately preceding language.

The Court also rejects Embeddetech's argument that *Milk 'N' More* is inapplicable because, in that case, there was no federal court in Johnson County, Kansas. (Dkt. No. 16 at 3–4.) The result would have been different, Embeddetech argues, if there had been a

---

[6] Even if the *American Soda* panel had held that "in" is a geographic term that cannot limit a forum-selection clause to a state court, the result here would be the same. A Tenth Circuit panel generally cannot overrule the holding of a prior Tenth Circuit panel. *See Montgomery v. Cruz*, 162 F.4th 1285, 1290 n.6 (10th Cir. 2026) ("one panel can't overrule another in the absence of en banc consideration or a superseding opinion of the Supreme Court"). This imagined *American Soda* holding could not be reconciled with the holdings in *Milk 'N' More* and *Excell*, nor could it have been seen as merely explaining or clarifying those cases. This Court would be bound to follow the holdings from the earlier cases, just as the Tenth Circuit is. *See Crowson v. Washington Cnty. Utah*, 983 F.3d 1166, 1188 (10th Cir. 2020) ("when faced with an intra-circuit conflict, a panel should follow earlier, settled precedent over a subsequent deviation therefrom" (citation modified)). The undersigned, therefore, respectfully disagrees with the approach in *Tyrrel v. Maskcara Indus., Inc.*, 438 F. Supp. 3d 1279, 1285–87 (D. Utah 2020), which appears to disregard the precedent in *Excell*, because "*Excell* would not have been remanded to state court under the *American Soda* analysis."

federal court sitting in that county.  Such an argument was rejected by *Excell.  See* 106 F.3d at 320 (affirming remand despite defendant's contention that "the clause is ambiguous and can be interpreted to allow venue in both state district court in El Paso County and in federal district court, which is also located in El Paso County").

The Court finds the parties have agreed to the exclusive venue of state courts in Tulsa County.  *See K.R.W. Constr., Inc. v. Stronghold Eng'g Inc.*, 598 F. Supp. 3d 1129, 1139–42 (D. Kan. 2022) (finding state-court venue mandated where clause read, "venue for any action . . . shall be brought in Riverside County"); *Triple "S" Operating Co., LLC v. EZpawn Okla., Inc.*, No. 10-CV-0328-CVE-FHM, 2010 WL 2690376, at *2, *4 (N.D. Okla. June 30, 2010) (same, where clause mandated "venue for any action hereunder shall lie in Tulsa County"); *Sw. Lending, LLC v. Lat33 Cap., Inc.*, No. 1:24-CV-00353-KWR-LF, 2024 WL 3202357, at *3 (D.N.M. June 27, 2024) (same, where clause indicated the "courts in the county where the subject property is located or Sandoval County, New Mexico shall have exclusive jurisdiction").

As the Court finds that the parties' forum-selection clause mandates venue in state court, the Court will apply the *forum non conveniens* test to determine whether dismissal is proper.

### III.    *Forum Non Conveniens*

Because "both [28 U.S.C.] § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Atl. Marine*, 571 U.S. at 61.  "In the typical case not involving a forum-selection clause, a district considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the

7

parties and various public-interest considerations." *Id.* at 62.  But the "calculus changes . . . when the parties' contract contains a valid forum-selection clause," and the Court no longer gives any weight to factors like the plaintiff's choice of forum or the parties' private interests (such as convenience for parties or witnesses). *Id.* at 63–64.  The clause is "given controlling weight in all but the most exceptional cases." *Id.* at 63 (citation modified).

Embeddetech has made no effort to show that this is such an exceptional case, and the Court finds no basis to disregard the parties' choice of forum.  This case should be dismissed under the doctrine of *forum non conveniens.*  The Court does not reach the parties' arguments as to whether Embeddetech has stated a claim.

### Conclusion

IT IS THEREFORE ORDERED that the *Motion to Dismiss* (Dkt. No. 8) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE.

ORDERED this 30th day of July, 2026.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT